IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

ROBERT DANIEL MORGAN,            )
                                 )
         Plaintiff,              )
                                 )
vs.                              )   CIVIL ACTION NUMBER
                                 )
JERRY DAMSON, INC., et al.,      )        97-C-2773-NE
                                 )
         Defendants.             )

FILED
NOV 5 1998
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

ENTERED
NOV 5 1998

**MEMORANDUM OPINION**

Plaintiff Robert Morgan brings this action alleging violations of Section 504 of the Rehabilitation Act, 29 § 794, Title I of the American With Disabilities Act ("ADA"), 42 U.S.C. § 12102. Specifically, plaintiff alleges that the defendant discriminated against him based on his disability. Defendants have moved for summary judgment. Since the relevant facts are without dispute and the applicable law is clear, the motion is due to be granted.

I.

In April 1994, plaintiff was employed with Jerry Damson Honda ("Jerry Damson") in Huntsville, Alabama as a mechanic in the

Automobile Services Department. Plaintiff's Dep. ("PD")47. Within a month, the plaintiff was promoted from an entry level technician with light mechanical duties to a line technician. PD 49-51. At the time of his promotion, he received an increase in pay from $5.00 per hour to $7.50 per hour. *Id.*

On November 28, 1994, the plaintiff was admitted to Crestwood Hospital, a treatment center for alcoholism. PD 65. With the plaintiff's permission, the treatment center notified Bob Bryan and Bruce Park, his supervisors at Jerry Damson. PD 72. On his third day at the treatment center, the plaintiff's supervisors came to see him and told him that they were anxious to have him come back to work. PD 77-78. The plaintiff's physician authorized his return to work upon discharge from the treatment center. PD 83.

Before returning to work from the treatment facility, the plaintiff was asked by the defendants to sign a "Conditional Reinstatement Agreement." On check-in each day, the plaintiff was observed and his breath was checked for alcohol. Likewise, when he returned from his lunch break, he was again observed and his breath checked for alcohol. He was required to twice-daily check-ins where he was observed and his breath smelled.

Upon his return to work, the plaintiff did not require any time off and he never missed work. The plaintiff did not request any kind of accommodation due to his alleged disability. In fact, he was the top producer at Jerry Damson. PD 107-110.

In April 1995, plaintiff left Jerry Damson and moved to Nashville, Tennessee. He obtained employment at Westside Honda at the rate of $10.00 per hour. Although the plaintiff had given the defendants only a day's notice of his leaving, they gave him a good recommendation. PD 61-62. Within a week of his commencement of work at Westside Honda in Knoxville, the plaintiff moved back to Huntsville and obtained employment at Bill Penny Toyota at a rate of $11.00 per hour. PD 112-118. Within the week, the plaintiff left Bill Penny Toyota and returned to Jerry Damson. PD 119.

The plaintiff received a $.50 per hour raise within the first month of his return to Jerry Damson. He continued to be a top producer. PD 123-125. His job performance was completely satisfactory. He never came to work under the influence or after having consumed alcohol. PD 166-167.

Nearly a year later, in March 1996, the plaintiff terminated his employment at Jerry Damson. He claims that he did

so because of the severity of the harassing, intimidating and discriminatory actions imposed on him by the defendants due to his alcoholism.

The plaintiff subsequently filed suit under the ADA claiming that the defendants discriminated against him due to his disability.

II.

Based on the undisputed facts, the defendant is entitled to judgment as a matter of law.

The ADA prohibits discrimination "against a qualified individual with a disability because of the disability of such individual in regard to ... procedures, the hiring, advancement or discharge of employee, sessions, job training and other terms, conditions, and privileges of employment." 42 U.S.C. § 12111(a). The term "disability" means (a) a physical or mental impairment that substantially limits one or more of the major life activities of a qualified individual; (b) a record of such impairment; or (c) being regarded as having such an impairment. 42 U.S.C. § 12102(2). To be disabling, an impairment must substantially limit a major life activity. *Gordon v. E. L. Hamm & Assoc*, 100 F.3d 907, 911

(11th Cir. 1996). The term "major life activity" has been defined by the Equal Employment Opportunity Commission ("EEOC") to include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i); *see also Gordon, supra*, 100 F.3d at 911.

In order to establish a *prima facie* case of disability discrimination of the ADA, the plaintiff must prove that (1) he had a disability; (2) he is a qualified individual; or (3) that he was subjected to unlawful discrimination because of his disability. *Morisky v. Broward Co.*, 80 F.3d 445, 447 (11th Cir. 1996).

The plaintiff cannot satisfy the first element of his burden of proof -- namely, that of showing that his alcoholism substantially limits one or more of his major life activities.

To prove that he is disabled, the plaintiff must show that his impairment substantially restricted his ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. *Pritchard v. Southern Company Services*, 92

F.3d 1130, 1133 (11th Cir. 1996); 29 C.F.R. § 1630.2(j)(3)(i). "An impairment does not substantially limit the ability to work merely because it prevents a person from performing within 'either a particular specialized job or a narrow range of jobs and with' ... nor does the 'inability to perform a single, particular job ... constitute a substantial limitation in the major life activity of working.'" *Pritchard*, 92 F.3d at 1133 (quoting 29 C.F.R. § 1630.2(j)(3)(i) and § 1630.2(j)(app).

The plaintiff has conceded that despite his alcoholism, his ability to successfully work has not been compromised. PD 143-45. He specifically admits that his alcoholism does not affect any of his major life activities, including his ability to work, to walk, to breath, to talk, to sleep, or to eat. PD 140-141.

Thus, the defendant is entitled to judgment as a matter of law on the plaintiff's claim of disability discrimination.

### III.

Finally, the plaintiff alleges that he was subjected to illegal inspections and inquiries.

An employer "shall not require a medical examination and shall not make inquiries of an employee as to whether such employee

is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job related and consistent with business necessity." 42 U.S.C. § 12112(4)(A).

Given that the plaintiff is an admitted alcoholic, the twice-daily inspections to which he was subjected were clearly job-related and consistent with business necessity.

The defendants are entitled to judgment as a matter of law on this claim.

By separate order, summary judgment shall be entered in favor of the defendants and against the plaintiff.

DONE this ___3d___ day of ___November___, 1998.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON